J. S62039/19

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA    :       IN THE SUPERIOR COURT OF
                                        :               PENNSYLVANIA
                  v.                 :
                                          :

ANTONYO MONTEZ HARRIS,        :         No. 895 WDA 2019
                                          :
              Appellant        :


Appeal from the PCRA Order Entered April 1, 2019,
in the Court of Common Pleas of Venango County
Criminal Division at No. CP-61-CR-000352-2016


BEFORE:  PANELLA, P.J., KUNSELMAN, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:     FILED DECEMBER 31, 2019

Antonyo Montez Harris appeals pro se from the April 1, 2019 order entered in the Court of Common Pleas of Venango County denying his second PCRA petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court set forth the following procedural history:

> Pursuant to a plea agreement entered into between the Commonwealth and [appellant] and filed with the [trial] court November 30, 2016, [appellant] agreed to plead guilty to one count of Corrupt Organizations, two counts of Delivery of a Controlled Substance, [and] one count of Criminal Use of a Communications Facility . . . .[1]      [Appellant] was subsequently sentenced on February 7, 2017, to a total aggregate sentence of imprisonment of a minimum of ninety-three (93) months, and a maximum of

---

[1] 18 Pa.C.S.A. § 911(b)(4), 35 P.S. § 780-113(a)(30), and 18 Pa.C.S.A. § 7512(a), respectively.

twenty-five (25) years. [Appellant did not file a post-sentence motion or seek a direct appeal.]

On June 1, 2017, [appellant] filed a pro se Petition for Post-Conviction Relief. On June 6, 2017, [the PCRA court] appointed Attorney Eric A. Padin as PCRA counsel. An evidentiary hearing on the PCRA petition was held on December 15, 2017, and on April 12, 2018, [the PCRA c]ourt denied the Petition. On May 7, 2018, [appellant] filed [a] pro se Notice of Appeal and Concise Statement of Errors Complained of on Appeal, however, Attorney Padin still represented [appellant], so the [PCRA c]ourt issued an order directing Attorney Padin to file an amended statement of [errors] complained of on appeal within twenty-one (21) days [pursuant to Pa.R.A.P. 1925(b)]. On May 29, 2018, Attorney Padin filed an amended Concise Statement.

On July 18, 2018, [appellant] filed a pro se Petition for Modification of Relief, and on August 29, 2018, he filed a Motion to Modify and Reduce Sentence. Again, [the PCRA c]ourt issued an order explaining that Attorney Padin is still the attorney of record, so the motions were forwarded to him. On July 25, 2018, Attorney Padin filed a petition to withdraw, improperly entitled an Anders/Mc[C]lendon[2] brief. On September 10, 2018, [appellant] filed another pro se Petition for Modification of Relief, but [the PCRA c]ourt lacked jurisdiction because the appeal was still pending in the Superior Court of Pennsylvania. On October 30, 2018, the Superior Court affirmed the dismissal of the PCRA [petition], and granted Attorney Padin's petition to withdraw. [See Commonwealth v. Harris, No. 690 WDA 2018, unpublished memorandum (Pa.Super. filed October 30, 2018).]

---

[2] Anders v. California, 386 U.S. 738 (1967); Commonwealth v. McClendon, 434 A.2d 1185 (Pa. 1981). We note that when counsel seeks to withdraw from an appeal involving a PCRA petition a Turner/Finley no-merit letter is the appropriate filing. See Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988); Commonwealth v. Finley, 550 A.2d 213 (Pa.Super. 1988) (en banc).

> [On February 13, 2019, appellant filed pro se his second PCRA petition.] On February 26, 2019, [the PCRA c]ourt issued an Order stating it intended to dismiss the second PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. Attached to the Order was an unsigned Opinion providing [the PCRA court's] analysis [of] why [it] intended to dismiss. [Appellant] believed [the PCRA court's] Order denied his petition and filed a Notice of Appeal with the Pennsylvania Superior Court on March 28, 2019. On April 1, 2019, [the PCRA court] filed [its] Order and Opinion denying the second PCRA petition.[3]

PCRA court opinion, 6/24/19 at 1-3. The PCRA court directed appellant to file a Rule 1925(b) statement. Appellant timely complied. The PCRA court subsequently filed its Rule 1925(a) opinion.

Appellant raises the following issues for our review:

> I. Did the PCRA court err in finding that appellant's second PCRA petition is time-barred?
>
> II. Whether an evidentiary hearing, new sentencing and/or new trial is warranted where appellant was denied his Sixth Amendment right to effective assistance of counsel where the guilty plea was induced based on trial counsel's failure to advise him of the Commonwealth's initial offer to plead guilty to a lesser sentence of 4 to 8 years?
>
> III. Whether appellant was deprived of effective assistance of counsel under state law during the first PCRA proceedings where PCRA counsel failed to disclose that he labored under an actual conflict of interest?

---

[3] We note that appellant's notice of appeal is treated as having been filed on April 1, 2019, the date the order denying the second PCRA petition was entered. See Pa.R.A.P. 905(a)(5) (stating, "[a] notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof.").

Appellant's brief at 4 (unnecessary capitalization omitted).

In his first issue, appellant contends his "second petition is not [time-]barred under the [PCRA] given that review of the initial PCRA petition by [this] court did not conclude until October 30, 2018." (Id. at 8.) Appellant further contends the discovery that his court-appointed PCRA counsel also represented appellant's co-defendant constitutes a newly discovered fact and is an exception to the time-bar. (Id. at 9.)

In order to be timely filed, a PCRA petition, including second and subsequent petitions, must be filed within one year of when an appellant's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1) (emphasis added). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Our supreme court has held that the PCRA's time restriction is constitutionally sound. Commonwealth v. Cruz, 852 A.2d 287, 292 (Pa. 2004). In addition, our supreme court has instructed that the timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, courts lack jurisdiction over the petition. Commonwealth v. Wharton, 886 A.2d 1120, 1124 (Pa. 2005); see also Commonwealth v. Callahan, 101 A.3d 118, 121 (Pa.Super. 2014) (holding courts do not have jurisdiction over untimely PCRA petition).

Here, appellant's judgment of sentence became final on March 9, 2017, 30 days after the deadline for filing a direct appeal with this court expired.[4] See 42 Pa.C.S.A. § 9545(b)(3); see also Pa.R.A.P. 903(a) (requiring notice of appeal to be filed within 30 days after entry of order from which appeal is taken). Therefore, appellant's second PCRA petition filed on February 13, 2019, almost two years after his judgment of sentence became final, is patently untimely.

If a PCRA petition is untimely filed, the jurisdictional time-bar can only be overcome if appellant alleges and proves one of the three statutory exceptions, as set forth in 42 Pa.C.S.A. § 9545(b)(1). Commonwealth v. Spotz, 171 A.3d 675, 678 (Pa. 2017). The three narrow statutory exceptions to the one-year time-bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." Commonwealth v. Brandon, 51 A.3d 231, 233-234 (Pa.Super. 2012), citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii). A petition invoking an exception to the jurisdictional time-bar must be filed within one year of the date that the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). If appellant fails to invoke a

---

[4] We note that appellant was sentenced in open court on February 7, 2017, but the sentencing order was not entered on the docket until February 14, 2017. Pursuant to Pa.R.A.P. 108(d)(2), "[i]n a criminal case in which no post-sentence motion has been filed, the date of imposition of sentence in open court shall be deemed to be the date of entry of the judgment of sentence."

valid exception to the PCRA time-bar, courts are without jurisdiction to review the petition or provide relief. Spotz, 171 A.3d at 676.

Here, a review of appellant's brief demonstrates that he is attempting to assert the newly discovered facts exception to the jurisdictional time-bar under Section 9545(b)(1)(ii). (Appellant's brief at 9.) Our supreme court has held that when considering a claim seeking to invoke the newly discovered facts exception, "the petitioner must establish only that (1) the facts upon which the claim was predicated were unknown and (2) they could not have been ascertained by the exercise of due diligence." Commonwealth v. Cox, 146 A.3d 221 (Pa. 2016) (citation omitted). "Due diligence does not require perfect vigilance and punctilious care, but merely a showing the party has put forth reasonable effort to obtain the information upon which a claim is based." Id. at 230 (citation and original quotation marks omitted). Appellant must offer "evidence that he exercised due diligence in obtaining facts upon which his claim was based." Id. at 227, citing Commonwealth v. Breakiron, 781 A.2d 94, 98 (Pa. 2001). "[T]he presumption that information which is of public record cannot be deemed 'unknown' for purposes of subsection 9545(b)(1)(ii) does not apply to pro se prisoner petitioners." Commonwealth v. Burton, 158 A.3d 618, 638 (Pa. 2017) (emphasis in original).

Appellant contends that in January 2019, he became aware his PCRA counsel, at the time he represented appellant in his first PCRA petition, had also represented appellant's co-defendant at her plea and sentencing

hearings.[5] (Appellant's brief at 9.) Appellant argues this information satisfies the newly discovered facts exception to the jurisdictional time-bar. (Id.) Appellant states that he was not able to discover this information previously because he "was incarcerated and did not have access to the District Attorney's file or other information otherwise readily available to the public[.]" (Id.)

PCRA counsel's prior representation of appellant's co-defendant is a matter of public record but the presumption that this information cannot be "unknown" for purposes of the newly discovered facts exception does not apply here because appellant is a pro se incarcerated petitioner. See Burton, 158 A.3d at 638. Appellant, however, failed to explain how he only learned of this information in January 2019, several years after pleading guilty in November 2016 and why it could not have been discovered earlier. Moreover, appellant failed to present evidence of the due diligence he exercised that led to his eventual discovery of this information. Therefore, appellant has failed to plead and prove evidence that established the newly discovered facts exception to the jurisdictional time-bar.

---

[5] The trial court noted that PCRA counsel represented appellant's co-defendant *before* representing appellant in his first PCRA petition. (Trial court opinion, 6/24/18 at 6 (emphasis added).)

Consequently, the PCRA court lacked jurisdiction to review appellant's pro se second PCRA petition, and we may not review the petition on appeal.[6]

Order affirmed.

Judgment Entered.

*Joseph D. Seletyn*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/31/2019

---

[6] Addressing appellant's conflict of interest issue, alternatively, the trial court stated:

> Here, there is no conflict that rises to the level of ineffectiveness. Attorney Padin represented [appellant's co-defendant] before representing [appellant], but the prior representation did not prejudice [appellant]. Attorney Padin's representation of [appellant] consisted of only a PCRA [petition], and the arguments were related to an incorrect calculation of [appellant's] Prior Record Score and previous attorney's failure to file to withdraw [appellant's] guilty plea and failure to file a direct appeal. Like the attorney in [Commonwealth v.] Toro, [638 A.2d 991 (Pa.Super. 1994),] Attorney Padin did not receive any confidential information, and his loyalties were not divided by representing both people.

Trial court opinion, 6/24/19 at 6.